### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA PIAZZA, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | Judge |
| v. | |
| NEW ALBERTSONS, INC.; JEWEL FOOD STORES, INC.; and AMERICAN DRUG STORES, LLC d/b/a JEWEL-OSCO, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Lisa Piazza ("Plaintiff") brings this Class and Collective Action Complaint against Defendants New Albertsons, Inc., Jewel Food Stores, Inc., and American Drug Stores, LLC d/b/a Jewel-Osco ("Jewel-Osco" or "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*, on behalf of herself and all current and former "Assistant Store Directors" ("ASDs"), however variously titled, who work (or worked) for Defendants during the relevant time period.

## NATURE OF THE CASE

1.      Plaintiff brings this action on behalf of herself and similarly situated current and former ASDs to recover unpaid overtime pursuant to the FLSA and the IMWL. Jewel-Osco violated the FLSA and IMWL by failing to pay its ASDs overtime compensation for the hours they worked over forty (40) in one or more workweeks because Defendants classify them as exempt from overtime.

1

2.      Defendants employ ASDs in approximately 188 stores located in Illinois, Iowa, and Indiana.  Although Defendants consider their ASDs to be "managers," ASDs are not responsible for and do not perform true management functions. To the contrary, ASDs spend the vast majority of their time performing the same duties as non-exempt employees, including helping customers, working the cash register, moving products, stocking shelves, setting and resetting displays, counting inventory, cleaning the store, and otherwise standing in as cashiers, stockers, or other hourly workers.

3.      ASDs report to Store Directors who, in turn, report to district and other supervisory personnel. Store Directors are the highest level of management in Defendants' stores.

4.      During the relevant period, Defendants classified all ASDs as exempt from the overtime provisions of the FLSA and the IMWL.

5.      During her employment with Defendants, Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

6.      During the relevant period, other similarly situated ASDs were not exempt from the overtime provisions of the FLSA and the IMWL.

7.      As alleged herein, Plaintiff and all other similarly situated ASDs were required to work more than 40 hours per week while employed by Defendants in order to complete their job duties. However, in accordance with Defendants' policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a workweek.

8.      Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and all persons who are or were formerly employed by Defendants in the United States during the

2

relevant time period as ASDs, and individuals holding comparable salaried positions with different titles (the "ASD Collective").

9.     Pursuant to the IMWL and Fed. R. Civ. P. 23, Plaintiff also brings this action on behalf of herself and as the representative of a class comprising all persons who are or were formerly employed by Defendants in Illinois during the relevant time period as ASDs, and individuals holding comparable salaried positions with different titles (the "ASD Class").

10.     Defendants' systematic failure to pay Plaintiff and all other similarly situated ASDs overtime for all hours worked over forty (40) in a workweek violates the FLSA and IMWL.

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over Defendants because Defendants have engaged in substantial business activities in Illinois, including the operation of the Jewel-Osco store at which Plaintiff worked.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

*Plaintiff*

14.     Plaintiff Lisa Piazza resides and is domiciled in Chicago, Illinois.

15.     Plaintiff has been employed by Defendants as an ASD since approximately February 2019.  During this time, Plaintiff has worked in at least 4 separate "Jewel-Osco" stores located in Chicago, Illinois.

3

16.     As an ASD, Plaintiff regularly works over 40 hours a week.   On average, throughout her employment with Defendants, Plaintiff has worked approximately 50 to 60 hours per week.

17.     At all times relevant hereto, Plaintiff was Defendants' employee as that term is defined by the FLSA. 29 U.S.C. § 203(e).

18.     At all times relevant hereto, Plaintiff was Defendants' employee as that term is defined by the IMWL. 820 ILCS 105/3(c).

19.     Plaintiff's written Consent to Join form is attached hereto as Exhibit 1.

***Defendants***

20.     Defendant New Albertsons, Inc. is an Ohio corporation with its principal place of business located in Boise, Idaho.

21.     Upon information and belief, New Albertsons, Inc. is a wholly owned subsidiary of Albertsons Companies, Inc., one of the largest grocery retailers in the United States.   In fiscal year 2019, Albertsons Companies, Inc. had revenue in excess of $62 Billion. *See* https://investor.albertsonscompanies.com/Cache/IRCache/7aeb05ee-a31a-eb0a-fdf2 0be625736a2a.pdf, at 29 (last accessed May 27, 2020).

22.     Defendant Jewel Food Stores, Inc. is an Ohio corporation with its principal place of business located in Itasca, Illinois.   Upon information and belief, Jewel Food Stores, Inc. is a wholly owned subsidiary of Albertsons Companies, Inc.

23.     Defendant American Drug Stores, LLC is a Delaware corporation with its principal place of business located in Boise, Idaho.   Upon information and belief, American Drug Stores, LLC is a wholly owned subsidiary of Albertsons Companies, Inc.

4

24.     Together, Defendants own and operate approximately 188 "Jewel-Osco" stores located in Illinois, Iowa, and Indiana.   *See* https://www.jewelosco.com/about-us.html (last accessed May 20, 2020).

25.     At all times relevant hereto, Defendant New Albertson's, Inc. was   Plaintiff's employer as that term is defined by the FLSA. 29 U.S.C. § 203(d).

26.     At all times relevant hereto, Defendant Jewel Food Stores, Inc. was Plaintiff's employer as that term is defined by the FLSA. 29 U.S.C. § 203(d).

27.     At all times relevant hereto, Defendant American Drug Stores, LLC was Plaintiff's employer as that term is defined by the FLSA. 29 U.S.C. § 203(d).

28.     At all times relevant hereto, Defendant New Alberton's, Inc. was Plaintiff's employer as defined by the IMWL. 820 ILCS 105/3(c).

29.     At all times relevant hereto, Defendant Jewel Food Stores, Inc. was Plaintiff's employer as defined by the IMWL. 820 ILCS 105/3(c).

30.     At all times relevant hereto, Defendant American Drug Stores, LLC was Plaintiff's employer as defined by the IMWL. 820 ILCS 105/3(c).

31.     At all times relevant hereto, Defendants jointly and collectively maintained control, oversight, and direction over Plaintiff and other  similarly situated ASDs, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

32.     Defendants applied the same employment policies, practices, and procedures to all ASDs at all of its Jewel-Osco stores, including policies, practices, and procedures with respect to the payment of overtime compensation.

33.     At all times relevant, Plaintiff and the members of the ASD Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

34.     Defendant New Alberton's, Inc. is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

35.     Defendant Jewel Food Stores, Inc. is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

36.     Defendant American Drug Stores, LLC is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

37.     Each of Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, during the prior three years.

## FACTUAL ALLEGATIONS

38.     "Jewel-Osco" is a chain of approximately 188 retail supermarkets and 30 gas stations that are located in Illinois, Iowa, and Indiana.  Jewel-Osco is one of many "company banners" owned by Albertsons Companies, Inc., a publicly listed company based in Boise, Idaho. *See*          https://investor.albertsonscompanies.com/Cache/IRCache/44236e68-74c5-73a0-b462-2dab58d85c3b.PDF?O=PDF&T=&Y=&D=&FID=44236e68-74c5-73a0-b462-2dab58d85c3b&iid=5309457 (last accessed May 27, 2020).

39.     According to its 2019 annual report, Albertsons Companies, Inc. is "one of the largest     food     and     drug     retailers     in     the     United     States."     *See* https://investor.albertsonscompanies.com/Cache/IRCache/7aeb05ee-a31a-eb0a-fdf2-

6

0be625736a2a.pdf, at 6 (last accessed May 27, 2020).  The company operates a combined 2,252 stores in 34 states and the District of Columbia and employs approximately 270,000 full and part-time employees.  *Id*., at 6-7.

40.     Together, Defendants maintain strict control, oversight, and discretion over the operation of their stores, including its employment practices with respect to Plaintiff and the members of the ASD Class and ASD Collective.

41.     Plaintiff's work and the work of the members of the ASD Class and ASD Collective was performed in the normal course of Defendants' business and was integrated into it.

42.     Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the members of the ASD Class and ASD Collective worked in excess of 40 hours per week in one or more individual workweeks during the prior three years without being paid overtime compensation.

43.     Upon information and belief, ASDs are scheduled to work at least 45 hours each workweek, however, in reality ASDs work many more hours each week in order to complete their assigned job duties.

44.     During their employment with Defendants, the primary duties of Plaintiff and the members of the ASD Class and ASD Collective were routine, non-exempt tasks including, but not limited to:

        a.   helping customers;

        b.   working the cash register;

        c.   moving products;

        d.   stocking shelves;

        e.   setting and resetting displays;

        f.   counting inventory; and

g.  cleaning the store.

45.     Plaintiff and the members of the ASD Class and ASD Collective spent the majority of their work time performing these duties, which were the same as or similar to tasks performed by hourly, non-exempt employees.

46.     The primary job duties of Plaintiff and the members of the ASD Class and ASD Collective did not include:

a.  hiring;

b.  firing;

c.  making recommendations as to hiring, firing, or other employment decisions;

d.  scheduling; or

e.  disciplining other employees.

47.     All of the work that Plaintiff and the members of ASD Class and ASD Collective performed was assigned by Defendants, who were or are aware of the work they performed.

48.     The work performed by Plaintiff and members of the ASD Class and ASD Collective required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

49.     The primary job duties of Plaintiff and the members of the ASD Class and ASD Collective were manual in nature.  The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiff and the members of the ASD Class and ASD Collective.

50.     Plaintiff and the members of the ASD Class and ASD Collective are similarly situated in that they have substantially similar job duties and are subject to Defendants' common compensation policy, pattern, and/or practice of failing to pay overtime to ASDs.

51.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classify all ASDs as exempt from the overtime provisions of the FLSA and IMWL.

8

52.     Upon information and belief, Defendants did not perform a person-by-person analysis of Plaintiff's primary job duties or the primary job duties of the members of the ASD Class and ASD Collective when making the decision to classify ASDs as exempt from overtime under the FLSA and the IMWL.

53.     Defendants knew or recklessly disregarded the fact that they failed to pay Plaintiff and the members of the ASD Class and ASD Collective overtime for hours worked in excess of 40 in a workweek, in violation of the FLSA and the IMWL.

54.     As sophisticated corporate entities, Defendants were aware and/or recklessly disregarded the fact that by failing to pay Plaintiff and members of the ASD Class and ASD Collective overtime compensation they violated the FLSA and IMWL.

55.     Defendants' unlawful conduct was willful and/or in reckless disregard of the FLSA and IMWL and in furtherance of Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and IMWL.

56.     As part of their regular business practice, Defendants intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA and IMWL by with respect to Plaintiff and the members of the ASD Class and ASD Collective.  This policy, pattern and/or practice includes, but it is not limited to, the foregoing knowledge of its obligations and the overtime work that Plaintiff and the members of the ASD Class and ASD Collective were and have been performing without compensation, and that, as a result, Defendants have been willfully failing to pay Plaintiff and the members of the ASD Class and ASD Collective for all overtime hours worked over forty (40) per week.

57.     Defendants' willful violations of the FLSA and IMWL are further demonstrated by the fact that they failed to maintain accurate and sufficient time records of the hours worked by

9

Plaintiff and the members of the ASD Class and ASD Collective. Defendants acted willfully and/or in reckless disregard of the FLSA and IMWL by instituting a policy, pattern, and/or practice that did not allow Plaintiff and the members of the ASD Class and ASD Collective to record all hours worked.

58.     The work performed by Plaintiff and the members of the ASD Class and ASD Collective in excess of forty (40) hours per week constitutes compensable work time under the FLSA and IMWL and was not preliminary, postliminary or *de minimis*.

### FLSA COLLECTIVE ACTION ALLEGATIONS

59.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff brings the First Cause of Action on behalf of herself and the members of the ASD Collective comprising all current and former ASDs employed by Defendants within the United States at any time between May 28, 2017 through the date of final judgment in this matter and who elect to opt-in to this action.

60.     The primary job duties of Plaintiff and the members of the ASD Collective are uniform throughout Defendants' stores; they are subject to the same corporate-derived policies and procedures; are uniformly classified as exempt from overtime; and are uniformly denied overtime compensation for hours worked in excess of forty (40) in a workweek in accordance with Defendants' uniform policies, practices, and/or procedures.

61.     Throughout their employment with Defendants, Plaintiff and the members of the ASD Collective consistently worked more than forty (40) hours per week.

62.     Defendants were and/or are aware that Plaintiff and the members of the ASD Collective worked more than 40 hours per workweek, yet failed to pay them overtime compensation.

63.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiff and the members of ASD Collective. This policy and pattern or practice includes, but is not limited to:

    a.   willfully failing to pay Plaintiff and the members of the ASD Collective premium overtime wages for hours that they worked in excess of 40 hours per workweek;

    b.   willfully misclassifying Plaintiff and the members of the ASD collective as exempt from the protections of the FLSA; and

    c.   willfully failing to record all of the time that Plaintiff and the members of the ASD Collective worked for the benefit of Defendant.

64.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the ASD Collective for all hours worked in excess of forty (40) in a workweek at the legally mandated rate of 1.5 times their regularly hourly rate. *See* 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. § 778.104

65.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the members of the ASD Collective overtime for hours worked in excess of forty (40) in a workweek.

66.    There are many similarly situated current and former ASDs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

67.    Notice should be sent to the members of the ASD Collective pursuant to 29 U.S.C. § 216(b). Similarly situated ASDs are known to Defendants, are readily identifiable, and can be located through Defendants' records which Defendants were required to maintain in accordance with the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §215.2 *et seq.*

## CLASS ACTION ALLEGATIONS

68.    Plaintiff brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure and the IMWL on behalf of herself and the members of the ASD Class comprising:

11

"All current and former ASDs employed by Defendants within the United States at any time during the last three years who were classified as exempt from overtime."

69.     The persons in the ASD Class are so numerous that joinder of all members is impracticable.

70.     Upon information and belief, the size of the ASD Class is at least fifty (50) workers.

71.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the ASD Class that predominate over any questions solely affecting individual members.

72.     Such questions include,  but are not limited to:

a.   whether Defendants employed Plaintiff and the members of the ASD Class within the meaning of the IMWL;

b.   whether Defendants failed to maintain true and accurate time records for all hours worked by Plaintiff and the ASD Class;

c.   whether Defendants failed to pay Plaintiff and the ASD Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the IMWL;

d.   the nature and extent of Class-wide injury and the appropriate measure of damages for the ASD Class; and

e.   whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the IMWL.

73.     The claims of Plaintiff are typical of the claims of the members of the ASD Class she seeks to represent. Plaintiff and the members of the ASD Class work or have worked for Defendants and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) in a workweek.

74.     Plaintiff will fairly and adequately represent and protect the interests of the members of the ASD Class. Plaintiff understands that, as the class representative, she assumes a fiduciary responsibility to the members of the ASD Class to represent their interests fairly and

adequately. Plaintiff recognizes that, as the class representative, she must represent and consider the interests of the members of the ASD Class just as she would represent and consider her own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and any potential settlement she must not favor his own interests over those members of the ASD Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the members of the ASD Class. Plaintiff also understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in her possession, and testify, if required, in a deposition and in trial.

75.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the ASD Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the ASD Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

76.     Class certification of Plaintiff's claims is appropriate because Defendants have acted or refused to act on grounds generally applicable to the ASD Class, making appropriate both

declaratory and injunctive relief with respect to the ASD Class. The ASD Class is entitled to injunctive relief to end Defendants' common and uniform policy and practice.

77.     Plaintiff has retained counsel competent and experienced in complex class action wage and hour litigation.

78.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**(On behalf of Plaintiff and the ASD Collective)**

79.     Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

80.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

81.     Plaintiff and the ASD Collective are not exempt from the overtime provisions of the FLSA.

82.     Defendants failed to pay Plaintiff and the members of the ASD Collective the overtime wages to which they are entitled in violation of the FLSA.  *See* 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R §§ 778.104.

83.     Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

84.     Because Defendants' violations of the FLSA were willful, pursuant to 29 U.S.C. § 255 a three-year statute of limitations applies.

85.     As a result of Defendants' violations of the FLSA, Plaintiff and the members of the ASD Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, reasonable attorneys' fees and costs, and such other and further relief the Court deems appropriate and just.

**SECOND CAUSE OF ACTION**
**Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.***
**(On behalf of Plaintiff and the ASD Class)**

86.     Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

87.     Defendants engaged in a widespread pattern, policy, and practice of violating the IMWL, as detailed in this Class and Collective Action Complaint.

88.     Plaintiff and the ASD Class are not exempt from the overtime provisions of the IMWL.

89.     Defendants failed to pay Plaintiff and the members of the ASD Class the overtime wages to which they are entitled in violation of the IMWL, 820 ILCS 105/4a.

90.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover statutory damages in the amount of two percent (2%) per month of the amount of the under payments occurring prior to February 19, 2019, and five percent (5%) per month of the amount of the under payments occurring on and after February 19, 2019.

91.     As a result of Defendants' violations of the IMWL, Plaintiff and the members of the ASD Class have suffered damages by being denied overtime wages in accordance with the IMWL in amounts to be determined at trial, and are entitled to recovery of such amounts, statutory damages, reasonable attorneys' fees and costs, and such other and further relief the Court deems appropriate and just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the ASD Class and ASD Collective, prays for the following relief:

15

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the ASD Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the ASD Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

b. Certification of the IMWL claims as a class action on behalf of the ASD Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of Plaintiff as Class Representative for the ASD Class and counsel of record as Class Counsel;

d. An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and the IMWL;

e. An award of liquidated damages under the FLSA and statutory damages under the IMWL as a result of Defendants' willful failure to pay overtime for all hours worked in excess of forty (40) in a workweek;

f. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiff's counsel pursuant to the FLSA and the IMWL;

g. An injunction requiring Defendants to cease their practice of violating the FLSA and the IMWL in the future;

h. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful and/or willful under the FLSA and the IMWL; and

i. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Class and Collective Action Complaint.

Dated: May 29, 2020        Respectfully submitted,

*/s/ Sarah J. Arendt*

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.

16

77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com
sarendt@flsalaw.com

Jason Conway, Esq.*
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Daniel Levin, Esq.*
Nicholas J. Elia, Esq.*
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
dlevin@lfsblaw.com
nelia@lfsblaw.com

***Attorneys for Plaintiff and the ASD Class
and ASD Collective***

*\* To Be Admitted Pro Hac Vice*