```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
    LISA PIAZZA, individually and on )
 4  behalf of all others similarly   )
    situated,                        )
 5                                   )
                     Plaintiff,      )
 6                                   )   No. 20 C 3187
                 vs.                 )   Chicago, Illinois
 7                                   )   June 7, 2023
    NEW ALBERTSONS, INC.; JEWEL FOOD)    3:00 p.m.
 8  STORES, INC.; and AMERICAN DRUG  )
    STORES, LLC d/b/a JEWEL-OSCO,    )
 9                                   )
                     Defendants.     )
10

11                   TRANSCRIPT OF PROCEEDINGS

12           BEFORE THE HONORABLE SHEILA M. FINNEGAN

13  APPEARANCES:

14  For the Plaintiff:        CONWAY LEGAL, LLC
                              1700 Market Street
15                            Suite 1005
                              Philadelphia, Pennsylvania 19103
16                            BY:  MR. JASON CONWAY

17                            LEVIN SEDRAN & BERMAN LLP
                              510 Walnut Street
18                            Suite 500
                              Philadelphia, Pennsylvania 19106
19                            BY:  MR. DANIEL LEVIN

20  For the Defendants:       LITTLER MENDELSON, P.C.
                              321 North Clark Street
21                            Suite 1100
                              Chicago, Illinois 60654
22                            BY:  MS. JENNIFER SCHILLING
                                   MS. KERRI FECZKO
23
    Official Court Reporter:  JENNIFER COSTALES, CRR, RMR, CRC
24                            219 S. Dearborn St., Room 2342
                              Chicago, Illinois 60604
25                            (312) 435-5895
                              jenny.uscra@yahoo.com
```

```
                   1       (Proceedings via Webex)
                   2           THE COURT:  All right.  Mr. White, please call the
                   3   case.
                   4           THE COURTROOM DEPUTY:  Case 20 CV 3187, Lisa Piazza
     03:13:49      5   versus New Albertsons, Inc., et al.
                   6           THE COURT:  Good afternoon.  This is Judge Finnegan.
                   7   Could plaintiff's counsel please say your names.
                   8           MR. CONWAY:  Good afternoon, Judge.  Jason Conway.
                   9           MR. LEVIN:  Good afternoon, Your Honor.  Daniel
     03:14:03     10   Levin.
                  11           THE COURT:  And counsel for defendant, please say
                  12   your names.
                  13           MS. SCHILLING:  Good morning, Your Honor.  Jennifer
                  14   Schilling for defendants.
     03:14:12     15           And Keri Feczko is on the phone.  She was not able to
                  16   get in on Zoom because of a block.
                  17           MS. FECZKO:  Good afternoon, Your Honor.
                  18           THE COURT:  Good afternoon.
                  19           As you know, I set this for a quick hearing on
     03:14:23     20   defendants' emergency motion for a stay of litigation and
                  21   emergency hearing regarding plaintiff's counsel, Jason
                  22   Conway's potential witness tampering and fraudulent
                  23   representations regarding interrogatory verifications filed on
                  24   June 2nd, docket 176.
     03:14:41     25           I've already granted Mr. Conway's request to file a
```

 1  response, and that will be filed on June 9th.
 2          Let me ask defense counsel, are you seeking a date
 3  for reply?
 4          MS. SCHILLING:  Yes, Your Honor.
 5          THE COURT:  And when do you propose to file that?
 6          MS. SCHILLING:  Well, I suppose it depends on if
 7  there is a stay because we have a lot of depositions next
 8  week.  If those depositions aren't going forward, we would
 9  need a week.  If we are, reviewing depositions and try to
10  reply to that, we would need more time.
11          THE COURT:  What is plaintiff's position on the
12  request for a stay of litigation pending a ruling on this
13  motion?
14          MR. CONWAY:  Your Honor, we already have depositions
15  that took place last week.  We had five that were canceled
16  this week.  We have four on the books for next week.  We have
17  some we're scheduling the week after.  And I am set to take
18  four defendant depositions at the end of June.
19          THE COURT:  All right.  You said that really quickly.
20  So let's go back over it.
21          Five depositions -- I'm not worried about the ones
22  that were taken.  Five were canceled for this week.
23          MR. CONWAY:  Yes.
24          THE COURT:  And then what is to follow that's already
25  scheduled?

1  MR. CONWAY: Four for next week. We have proposed
2 dates the following week, Your Honor, to defendants.
3  The last week in June we have four depositions of
4 defendants' managers already scheduled and on the books.
5  THE COURT: And the depositions scheduled and
6 canceled for this week, are those opt-ins?
7  MR. CONWAY: Yes.
8  THE COURT: And the four for next week, are those
9 opt-ins?
10  MR. CONWAY: Yes. And the following week that we're
11 attempting to schedule are also opt-in depositions, Your
12 Honor.
13  THE COURT: Okay. Well, what I'm going to do, I'm
14 not going to grant the stay necessarily until there is a
15 ruling. I will grant a stay for this week. I would like to
16 see the response, and then I will decide next steps.
17  So I will allow a reply to be filed within, let's
18 say, seven days after the response is filed, unless you want
19 to file it sooner. That's up to you.
20  So the response is going to be filed by June 9th as
21 requested by Mr. Conway.
22  And then I would get a reply, do you want to file
23 it -- maybe you could file it by the 14th. Is that possible?
24  MS. SCHILLING: Judge, I don't think so. My son is
25 having surgery tomorrow, and so I don't think that's possible.

1  We really would need a week.

2  THE COURT: The reason I said that is that I'm out of
3  town the week of the 19th on vacation. So I can't have a
4  hearing right away. But I hate to put this whole thing on
5  hold.

6  Mr. Conway, are you the only lawyer handling these
7  depositions? Is this something where Mr. Levin could step in?

8  MR. CONWAY: Mr. Levin has been also stepping in with
9  depositions, and we are covering them, and he can cover them.

10  MR. LEVIN: Yes, I can.

11  THE COURT: You can kind of step out of this at least
12  in terms of having any interactions with opt-ins, and
13  Mr. Levin could handle the ones that are going forward.
14  That's something that is doable?

15  MR. CONWAY: For next week, Your Honor?

16  THE COURT: Well, until I, you know, read these
17  briefs and figure out what I'm going to do next.

18  MR. CONWAY: I'm happy to --

19  MS. SCHILLING: If I may? So if we cancel the
20  depositions for next week so that we can brief, there are no
21  opt-in depositions scheduled after that. And while Mr. Conway
22  says he's trying to schedule them, it's not possible because
23  we need to produce ESI to him two weeks before the deps, and
24  that's less than two weeks. So there is no way we could
25  schedule additional opt-in deps at this time for the following

1 week. The earliest we could do would be the week of the 26th,
2 but we have corporate deps that week.
3        So we're really looking at early July to meet our ESI
4 deadlines to Mr. Conway per our prior agreement to get any
5 more opt-ins on the books other than what's scheduled for next
6 week. My understanding --
7        THE COURT: Mr. Conway, would you agree with that, or
8 what's your response?
9        MR. CONWAY: I believe we have proposed some opt-in
10 deposition dates to defense counsel. We haven't got any on
11 the books for that following week, Your Honor. We agree that
12 there is at least the two-week period to produce ESI.
13        At this stage if there are no extra depositions
14 booked for that third week, Your Honor, then Mr. Levin, if
15 he's able, will handle next week's opt-in depositions.
16        MR. LEVIN: Your Honor, to answer your question, I
17 can step in to --
18        THE COURT: Have you had any communications with any
19 of the opt-ins? I'm concerned about what at least one opt-in
20 had said was communicated to him. I recognize that may be
21 disputed. But are you -- you haven't been talking to the
22 opt-ins directly?
23        MR. LEVIN: My office has been. My paralegal at our
24 office has been helping the opt-ins with discovery.
25        THE COURT: And has she had any communications, for

1 example, with the opt-in who is the one who said he was
2 threatened or felt threatened, that is, Timothy Lindberg?
3 Because there is reference in his email to, you know, the
4 legal team in addition to Mr. Conway.  Do you know whether
5 your paralegal has any involvement in communicating with him?
6      MR. LEVIN:  We searched our email.  We have one email
7 and no diaried calls with Mr. Lindberg, our office.
8      And the email was, you know, without disclosing
9 attorney-client privilege, but it was just a very formal email
10 about discovery.
11      THE COURT:  Okay.
12      MS. SCHILLING:  Judge, if I may just add one concern?
13 Is that okay?
14      THE COURT:  Yes.
15      MS. SCHILLING:  Going forward with opt-in
16 depositions, we had to -- and they either say they don't
17 recall reviewing the interrogatories or they were emailed to
18 them.  One individual said he destroys all of his emails.
19      So to proceed with opt-in depositions without having
20 the Judge to review our request that we have proof that they
21 were actually reviewed, we know the verifications were false,
22 but we would have to go forward and take depositions.  We have
23 one chance.  And to not have the evidence that these witnesses
24 are saying they may or may not have reviewed them and received
25 them in email, so it would really prejudice us to have to take

1 opt-in depositions without having that issue resolved if they
2 ever even reviewed, signed or approved their interrogatories
3 per your motion to compel.
4     MR. CONWAY: Your Honor, if I may respond?
5     THE COURT: Yes.
6     MR. CONWAY: We've had one plaintiff and two opt-ins
7 deposed. Defendants' counsel at length has questioned each
8 about the discovery responses, their participation in the
9 discovery, and having reviewed that and verified the discovery
10 responses. Each has answered yes.
11     THE COURT: All right. Well, what did
12 Mr. Lindberg -- he hasn't been deposed yet?
13     MR. CONWAY: No. He was --
14     THE COURT: He hasn't. But did he ever, did he
15 indicate that he did not receive or review? Because he gave
16 supplemental, allegedly gave supplemental discovery responses.
17     I don't know if anyone has the answer to that
18 question.
19     MR. CONWAY: On that, Your Honor, we've cut all
20 communications with Mr. Lindberg at this time given the
21 seriousness of the allegations that he's raised. So I haven't
22 circled back with him on any communications.
23     We have looked internally at the communications that
24 we have had via phone and email, and we know that at least in
25 July of last year he did verify his initial discovery

1 responses, and we have emails on that.

2 There is some communication with him via phone, but
3 we're uncertain whether he actually reviewed them prior to
4 them being served.

5 THE COURT: But your position is, putting aside the
6 DocuSign issue about how those verifications were provided,
7 and I assume I am going to get very detailed information from
8 you in an affidavit about what happened there, it is going to
9 be your position, I'm assuming, but correct me if I am wrong,
10 that you did not -- that each of these individual's opt-ins,
11 you provided them with their supplemental, you know, their
12 request and actually had communications with them where the
13 information for the supplemental interrogatory answers that
14 were provided or original, if it was original, if that
15 information came from them, it is not something where you just
16 put it in a document and they never gave you that information?

17 MR. CONWAY: That's correct, Your Honor. With the
18 exception that we've confirmed with Mr. Lindberg's
19 supplemental responses, either my office or Mr. Levin's office
20 had communications with the opt-ins, and they were able to
21 review them or we discussed that with them over the phone
22 before we served them.

23 THE COURT: So your position is going to be you did
24 not provide answers to any discovery requests without getting
25 the information confirming it whether by the phone or by email

1 with the opt-ins?

2 MR. CONWAY: Yes, that's correct, Your Honor. The
3 information that defendants have sought is very specific to
4 them, and we just wouldn't know that information without
5 speaking with them.

6 MS. SCHILLING: Judge, this is brand-new information.
7 Mr. Conway has represented to us in many of our meet and
8 confers on the DocuSign that he emailed each and every one of
9 these with their responses, they reviewed their responses and
10 they emailed them back.

11 When we asked a few opt-ins last week whether or not
12 that happened, one opt-in said, I don't recall. The other
13 opt-in said it may have happened, but if it did, he destroyed
14 his email.

15 So that's why part of our emergency motion is,
16 whether it's in camera or redacted for privilege, proof that
17 these were actually sent to the opt-ins for review and
18 returned via email, which is what Mr. Conway has said all
19 along.

20 Now to shift and say that there is going to be no
21 record of it and it was by telephone makes this even more
22 concerning, Your Honor.

23 And we recently learned this week that Mr. Conway has
24 allegedly engaged in this same behavior before another court
25 and has a special master and other sanctions before him. We

1 think this really needs to be reviewed and investigated before
2 we take more opt-in depositions.
3     MR. CONWAY: Your Honor, on that point, I've not been
4 sanctioned in any court. I had one case recently where it was
5 very contentious and a special master was ordered to be
6 overseeing discovery. That's it, Your Honor. I've never been
7 sanctioned. I've never been alleged to have tampered with any
8 witness, let alone a current client whom defendants procured a
9 statement from. So that's completely and utterly false.
10     These allegations have been asked by defense counsel
11 at each of the depositions to date about their involvement in
12 discovery. I think we've been very frank and indicated that
13 these individuals have either reviewed them, we've spoken to
14 them. We are not in possession of any of the information that
15 is included in them. It would need to come from them.
16 They're very specific interrogatory and document requests.
17     THE COURT: Let me just ask this, are you going to
18 have emails with your clients showing that you emailed the
19 document request to them or the discovery request to them as
20 you apparently said you had done?
21     MR. CONWAY: I know that we do have many emails with
22 that, Your Honor, yes. And we've had calls, and we can
23 document the calls and those emails.
24     THE COURT: All right. Well, I'll grant a short
25 extension of time or stay. It sounds like defense counsel has

1   a child who is getting surgery, so it would be difficult to go
2   ahead.  There is also ESI that has to be done.
3   You know, obviously these are serious allegations.  I
4   don't know if they're valid or not, and I don't know what the
5   remedy would be that would be given.  So I hate to delay the
6   case.
7   It sounds like what defendants will ultimately be
8   seeking is a sanctions payment of attorneys' fees.  But
9   obviously you can't punish, you know, Ms. Piazza if assuming
10  Mr. Conway engaged in this conduct.
11  So you are saying you really don't want to go forward
12  with the depositions because you might learn that they haven't
13  actually answered the discovery, and so once you know that
14  they actually did answer the discovery, then it would make
15  sense for you to go ahead and depose them.  But you don't want
16  to go forward until you confirm that they have indeed answered
17  the discovery.
18  MS. SCHILLING:  So, Your Honor, I think it's a few
19  things.  You obviously had a very long motion to compel and
20  were very strict in your orders for any verifications.
21  We still are unclear as to how on 20 occasions
22  Mr. Conway attached false verifications and represented in
23  oral arguments before you that he did get these supplemental
24  verifications.
25  THE COURT:  That's all a different matter.  You're

1 talking about Mr. Conway.

2 MS. SCHILLING: Right.

3 THE COURT: What he may have done. Why does the
4 stay -- you know, you don't want him involved, I get that, if
5 he was involved. But you're not suggesting that the lawsuit
6 gets dismissed that Ms. Piazza filed, even if Mr. Conway, you
7 know, for example, gave false DocuSign verifications, and
8 maybe the information came from the clients, but they didn't
9 do the DocuSign verification.

10 MS. SCHILLING: Right, Your Honor. So the remedy was
11 seeking per the investigation, first of all, whether or not
12 Mr. Conway is an appropriate representative for the opt-in
13 class or if he needs to be recused, whether or not his pro hac
14 vice needs to be reviewed and if he's fit to appear before
15 this Court given the misrepresentations, and whether or not
16 there is more concern of other things that have been said to
17 opt-ins.

18 We have 12 of our current employees who have decided
19 not to proceed with this case. We obviously can't talk to
20 them, but that's almost 50 percent of the opt-ins have decided
21 they don't want to proceed.

22 And given this shocking information from Mr. Lindberg
23 and what we found in the public docket in the Colorado case,
24 there was another opt-in who made the exact same
25 allegations --

|  |  |
|---|---|
| 03:29:18 | 1  THE COURT: All right. I don't want to hear your
2 argument. But if other counsel were to proceed with the
3 litigation while this investigation or, you know, ruling is
4 under advisement, I don't know why that couldn't happen. Do
5 you? |
|  | 6  MS. SCHILLING: Only to the extent, Your Honor, that
7 we'd like to be able to have clarity before we take those
8 depositions if they did receive the interrogatories rather
9 than just the "I don't know." We'd like some verification |
| 03:29:30 | 10 through Mr. Conway and Mr. Levin's office that they were sent.
11 And we'd like to be able to ask them questions about contact,
12 not what was said, but how many times and dates they've been
13 in contact with Mr. Conway's office. |
|  | 14  THE COURT: All right. I will ask that the response |
| 03:29:45 | 15 be very specific about the communications. And if you can,
16 just attach documents. Obviously you would redact any
17 communications, but, you know, some of it is irrelevant, would
18 not be privileged. And if necessary, you could provide some
19 of that in camera if you can do it faster and you want to do |
| 03:30:05 | 20 it that way. |
|  | 21  But that way I could at least -- potentially we could
22 resume the litigation even if Mr. Conway is sidelined while
23 the rest of this goes forward, because those opt-ins could be
24 deposed if we know that they actually saw the interrogatory, |
| 03:30:23 | 25 they communicated back, maybe they didn't personally sign it, |


            THE COURT: All right. I don't want to hear your
argument. But if other counsel were to proceed with the
litigation while this investigation or, you know, ruling is
under advisement, I don't know why that couldn't happen. Do
you?
            MS. SCHILLING: Only to the extent, Your Honor, that
we'd like to be able to have clarity before we take those
depositions if they did receive the interrogatories rather
than just the "I don't know." We'd like some verification
through Mr. Conway and Mr. Levin's office that they were sent.
And we'd like to be able to ask them questions about contact,
not what was said, but how many times and dates they've been
in contact with Mr. Conway's office.
            THE COURT: All right. I will ask that the response
be very specific about the communications. And if you can,
just attach documents. Obviously you would redact any
communications, but, you know, some of it is irrelevant, would
not be privileged. And if necessary, you could provide some
of that in camera if you can do it faster and you want to do
it that way.
            But that way I could at least -- potentially we could
resume the litigation even if Mr. Conway is sidelined while
the rest of this goes forward, because those opt-ins could be
deposed if we know that they actually saw the interrogatory,
they communicated back, maybe they didn't personally sign it,

1  and that can be explored at their deposition, but they did
2  receive it and communicate back information.
3  So be very specific in your responses about that.
4  Hold on. Let me just look at my notes and see if
5  there was anything else I wanted to --
6  And so just to be more specific on what I would want
7  to see in Mr. Conway's affidavit and with attachments, did he
8  or someone from the plaintiff's firms send the supplemental
9  discovery to the opt-ins and, you know, that would show the
10 date, the time, the format, any evidence that these opt-ins
11 actually responded to the inquiry, and if so date, time,
12 format.
13 If it's a communication in writing, that's great. If
14 there is no communication in writing, what, you know, evidence
15 do you have to just show, other than our asking them, and they
16 may not remember whether they saw this and gave the
17 information. And then, of course, you are going to address
18 the verifications.
19 Let me do this, I'm going to set a date then, the
20 response will be filed a week after -- the reply will be filed
21 a week after the response, and then I'll set a hearing. I'm
22 going to want to review those. It may be that I need
23 additional information at that time. I will look at these,
24 even though I'm going to be on vacation, and I can communicate
25 with my staff to get an order entered. I'm obviously not

1 going to hold a hearing while I'm on vacation. But I will be
2 back on the 26th.
3 　　　　All right. So reply will be due June 16.
4 　　　　Is there anything else we need to take up at this
5 time?
6 　　　　MS. SCHILLING: Judge, I just needed clarity. So do
7 we have a stay on the depositions for now and we're not
8 proceeding and we're going to wait for further clarification
9 after this briefing?
10 　　　　THE COURT: You do. I may lift that stay after I
11 see, you know, what's filed by Mr. Conway or plaintiff,
12 depending on whether there is documentation that's very
13 persuasive that the opt-ins actually reviewed and provided
14 those discovery responses, because then I think we want to
15 move ahead with those.
16 　　　　MR. CONWAY: And, Your Honor, the depositions at the
17 end of the month that are scheduled of defendants' managers,
18 are they proceeding?
19 　　　　THE COURT: Well, you're not proceeding with anything
20 personally until we get -- but yes.
21 　　　　MR. CONWAY: I understand.
22 　　　　THE COURT: Unless there is some issue with other
23 counsel from the other firms, I don't see why those wouldn't
24 go forward.
25 　　　　Anything else anybody wants to ask?

|  |  |  |
|---|---|---|
|  | 1 | All right.  So you'll look for an order from me |
|  | 2 | after -- I may enter an order after the 9th depending on what |
|  | 3 | I see.  I might want additional information or I may have some |
|  | 4 | views.  I potentially could even set a hearing next week after |
| 03:33:55 | 5 | I review what you file on the 9th.  I don't know. |
|  | 6 | But I will give defendants until the 16th to file the |
|  | 7 | reply and then I will enter some further order. |
|  | 8 | MR. CONWAY:  Your Honor, if I may?  On the witness |
|  | 9 | tampering issue, what's compounded that is defendants have |
| 03:34:13 | 10 | inputted or sort of produced an affidavit from a district |
|  | 11 | manager, and there is also reference to an individual I |
|  | 12 | deposed, a 30(b)(6).  Those individuals would have relevant |
|  | 13 | information about communications with Mr. Lindberg and |
|  | 14 | potentially would go to issues that we would use in responding |
| 03:34:30 | 15 | to these allegations. |
|  | 16 | We would like to depose those two individuals on what |
|  | 17 | they know, when they spoke with Mr. Lindberg, and if they |
|  | 18 | actually received any legal advice from counsel to obtain this |
|  | 19 | unsolicited or procured the statement from him. |
| 03:34:46 | 20 | THE COURT:  Put that in your response.  I'm not going |
|  | 21 | to allow you to do that now.  You can talk to -- you know, you |
|  | 22 | know what you did, so you can respond based on that. |
|  | 23 | Obviously there may be some further discovery if a hearing is |
|  | 24 | done.  Maybe a special master will be involved.  I don't know. |
| 03:35:03 | 25 | But put it in your response what you are requesting.  But |

1 you're filing something by Friday just based on your affidavit
2 and your own documents.  And then I'll take under advisement
3 anything you request in the way of other discovery in your
4 response.
03:35:19 5            MR. CONWAY:  Yes.  Nothing further.
6            THE COURT:  All right.  Thank you everyone.  Have a
7 good afternoon.
8            MR. LEVIN:  Thank you, Your Honor.
9            MR. CONWAY:  Okay.
03:35:27 10           MS. SCHILLING:  Thank you.
11       (Proceedings concluded)
12                     C E R T I F I C A T E
13           I, Jennifer S. Costales, do hereby certify that the
14 foregoing is a complete, true, and accurate transcript of the
15 proceedings had in the above-entitled case before the
16 Honorable SHEILA FINNEGAN, one of the judges of said Court, at
17 Chicago, Illinois, on June 7, 2023.
18
19                      /s/ Jennifer Costales, CRR, RMR, CRC
20                      Official Court Reporter
21                      United States District Court
22                      Northern District of Illinois
23                      Eastern Division
24
25